UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICHARD DARRELL EVERINGHAM, | |
| Plaintiff, | Case No. 3:18-cv-00594 |
| v. | Judge William L. Campbell, Jr. |
| JUDGE J. MARK ROGERS, | Magistrate Judge Alistair E. Newbern |
| Defendant. | |

To: The Honorable William L. Campbell, Jr., District Judge

**REPORT AND RECOMMENDATION**

Before the Court is Defendant Judge J. Mark Rogers's motion to dismiss Plaintiff Richard Darrell Everingham's pro se amended petition for a writ of habeas corpus. (Doc. No. 14.) The referral order in this action authorizes the Magistrate Judge to recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 7.) For the reasons that follow, the Magistrate Judge RECOMMENDS that Rogers's motion to dismiss be GRANTED.

**I. Factual and Procedural Background**

This action arises out of Plaintiff Everingham's divorce proceedings in the Circuit Court for Rutherford County, Tennessee. On June 28, 2018, Everingham filed a petition for a writ of habeas corpus naming his ex-wife, Kristina Marie Everingham, as the sole defendant. (Doc. No. 1.) On August 20, 2018, Everingham moved for leave to amend his petition to remove Ms. Everingham as a defendant and instead name Judge Rogers, who presided over the couple's divorce proceedings. (Doc. No. 8.) The Court granted Everingham's motion to amend on August 21, 2018 (Doc. No. 9), and Everingham filed an amended petition on August 27, 2018 (Doc. No. 10). The amended petition alleges that Rogers entered a divorce decree, child support

order, and monetary judgment against Everingham without providing him a jury trial; that Rogers refused to recuse himself despite his friendship with Ms. Everingham's stepfather; that Rogers threatened to have Everingham arrested for refusing to volunteer evidence against himself; and that Rogers did have Everingham arrested on July 13, 2018, for failure to appear and contempt of court. (Doc. No. 10.) The amended petition does not allege that Everingham is currently in custody. It appears that the relief that Everingham seeks is a declaration that Rogers's orders in the underlying divorce proceedings are void. (*Id.*)

Rogers has filed a motion to dismiss the amended petition under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction or under Rule 12(b)(6) for failure to state a claim. (Doc. Nos. 14, 15.) Rogers argues that, because Everingham was not in state custody when he filed his petition, this Court lacks jurisdiction to consider his claims for habeas relief and that, even if the Court were to construe Everingham's claims as arising under some other federal statute, this Court still lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine. (*Id.*) In the alternative, Rogers argues that judicial immunity protects him against any of Everingham's claims that could be construed to seek monetary damages; that the Eleventh Amendment bars any claims against him in his official capacity; that Everingham's claims are barred by the applicable statutes of limitation; and that Everingham has failed to state a claim of any constitutional violations. (*Id.*) Everingham opposes the motion. (Doc. No. 16.)

## II. Legal Standard

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74

U.S. (7 Wall.) 506, 514 (1868)); *see Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (explaining that courts "are 'bound to consider [a] 12(b)(1) motion first, since [a] Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction" (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))).

The party asserting jurisdiction bears the burden of establishing that subject-matter jurisdiction exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all facts alleged in the pleading as true. *Wayside Church*, 847 F.3d at 816–17 (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id.* at 817 (quoting *Gentek Bldg. Prods., Inc.*, 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

Here, Rogers argues that the Court lacks subject-matter jurisdiction because Everingham was not in state custody when he filed his habeas petition—which implicates factual questions—and because the *Rooker-Feldman* doctrine bars Everingham's claims for injuries stemming from Rogers's final orders in Everingham's divorce proceedings—which implicates only the allegations in Everingham's petition. *See Reguli v. Guffee*, 371 F. App'x 590, 595 (6th Cir. 2010) (treating

3

*Rooker-Feldman* argument as a facial attack on subject-matter jurisdiction). Because this Court lacks jurisdiction to hear Everingham's claims, it need not address Rogers's remaining arguments for dismissal.

**III.     Analysis**

   **A.     Habeas Jurisdiction**

By statute, federal courts may consider "an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). "This language is jurisdictional: if a petitioner is not 'in custody' when [he or] she files [the] petition, courts may not consider it." *Hautzenroeder v. Dewine*, 887 F.3d 737, 740 (6th Cir. 2018) (citing *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001)); *Maleng v. Cook*, 490 U.S. 488, 490 (1989) ("The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" (emphasis in original) (quoting 28 U.S.C. § 2254(a))).

Everingham filed his original petition on June 28, 2018, before his alleged arrest on July 13, 2018. (Doc. Nos. 1, 10.) The warrant that Everingham attached to his amended petition shows that Rogers instructed the Rutherford County Sheriff to hold Everingham "on cash bond of [$]13,834.41 or appearance in court on Tue[s]day July 17, 2018 [at] 9:00 am." (Doc. No. 10, PageID# 174.) On July 20, 2018, the Court received a letter from Everingham stating that he was "being detained in the Rutherford County Detention Center" and asking that any mail regarding this action be forwarded to him there. (Doc. No. 6.) On July 24, 2018, Everingham again updated his address by calling the Court and asking that all mail be sent to him at a residential address in Manchester, Tennessee.

Everingham filed his amended petition on August 27, 2018. (Doc. No. 10.) There is no indication in the record—and Everingham has not alleged—that he was in state custody at that time. While the Sixth Circuit has recognized that "the term 'custody' is not limited solely to physical confinement[,]" civil money judgments—including judgments requiring child support payments—do not "constitute custody" for purposes of habeas relief. *Sevier v. Turner*, 742 F.2d 262, 269 (6th Cir. 1984). While evidence in the record appears to show that Everingham was in custody for a period of time after the filing of his original petition, that custody ended before the now-operative amended petition was filed. Everingham therefore has not made the threshold showing that he was "in custody in violation of the Constitution or law or treaties of the United States" when either his original or his amended petition was filed. 28 U.S.C. § 2254(a). The Court therefore lacks jurisdiction to consider his claims.

### B. The *Rooker-Feldman* Doctrine

Although Everingham's claims cannot proceed as a petition for habeas relief, there is no "in custody" requirement that limits claims of civil rights violations under 42 U.S.C. § 1983. However, even if the Court were to liberally construe Everingham's claims as arising under that statute, his action would still fail for a lack of jurisdiction. The *Rooker-Feldman* doctrine bars federal district courts from hearing "cases brought by state-court losers complaining of injuries by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Fieger v. Ferry*, 471 F.3d 637, 642 (6th Cir. 2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010); *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006).

Everingham's claims fall squarely within what *Rooker-Feldman* prevents this Court from considering. The only injuries Everingham complains of, as described by his own allegations, are caused by judgments in his state-court divorce proceedings. (Doc. No. 10, at PageID# 98 ("This voidable judgment is causing harm by the unconstitutional restraint of liberties of the petitioner . . ."); *id.* at PageID# 104 ("An alleged money judgment is causing the restraint upon the liberty and property of the undersigned . . . . The void judgment has restrained the liberty and caused deprivation of property of the undersigned without trial by jury."); *id.* at PageID# 112 ("A judgment from a biased judge not from peers has caused the undersigned petitioner economic injury . . . .").) And the only relief Everingham appears to seek is a ruling that those judgments are void; he does not request money damages or any other form of relief.

Where, as here, "a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law[,]" the proper remedy is for "the plaintiff [to] seek[ ] appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action." *McCormick*, 451 F.3d at 395; *see Gentry v. Tenn. Bd. of Judicial Conduct*, No. 3:17-cv-00020, 2017 WL 6462348, at *4 (M.D. Tenn. Sept. 26, 2017). Everingham's optimistic belief that he "has a right by writ of habeas corpus to bypass the procedural maze to challenge the state court's" judgment is mistaken. (Doc. No. 10, PageID# 101–02.) A state-court appeal was the proper avenue for Everingham to pursue his claims. This Court lacks subject-matter jurisdiction over his action.

**IV.     Recommendation**

For these reasons, the Magistrate Judge RECOMMENDS that Rogers's motion to dismiss (Doc. No. 14) be GRANTED and that Everingham's amended petition (Doc. No. 10) be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of April, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge

7

Case 3:18-cv-00594    Document 17    Filed 04/11/19    Page 7 of 7 PageID #: 214