IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RICHARD EVERINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | NO. 3:18-cv-00594 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| JUDGE J. MARK ROGERS, | ) | MAGISTRATE JUDGE NEWBERN |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 17), recommending that the Court grant Defendant's Motion to Dismiss (Doc. No. 14). The *pro se* plaintiff filed objections (Doc. No. 18), Defendant responded to Plaintiff's objections (Doc. No. 19). The Magistrate Judge recommends the Petition be dismissed for lack of subject matter jurisdiction. After a *de novo* review, and for the following reasons, Plaintiff's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.03(b)(3), a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

Plaintiff filed this action as a writ of habeas corpus naming his ex-wife as the sole defendant (Doc. No. 1). He amended his petition to remove his ex-wife as defendant and instead name Judge Rogers, who presided over the couple's divorce proceedings (Doc. No. 10). The amended petition alleges: (1) Judge Rogers entered a divorce decree, child support order, and monetary judgment against Plaintiff without providing him a jury trial; (2) Judge Rogers did not recuse himself despite his friendship with Ms. Everingham's stepfather; (3) Judge Rogers threatened to have Plaintiff arrested for refusing to volunteer evidence against himself; and (4) Judge Rogers had Plaintiff arrested for failure to appear and contempt of court. The amended petition seeks a declaration that Judge Roger's orders in the underlying divorce proceeding are void.

The Magistrate Judge recommended that Plaintiff's habeas petition be dismissed for lack of subject matter jurisdiction on two independent bases: (1) the Court does not have statutory jurisdiction to hear Plaintiff's habeas claims because he was not in state custody when he filed the petition or amended petition; and (2) the *Rooker-Feldman* doctrine bars Plaintiff's claims for injuries related to Judge Roger's judgment in Plaintiff's divorce proceedings. Plaintiff filed approximately 45 pages of objections to the Report and Recommendation, which are best summarized as follows: (1) the Court must consider a habeas petition alleging non-physical restraint; and (2) the Magistrate Judge misapplied the Rooker-Feldman Doctrine because Federal Rule of Civil Procedure 59(e) gives the Court the authority to alter or amend a judgment. Plaintiff also asserts various arguments that are not specific objections to the Report and Recommendation including: a challenge to the constitutionality of Title IV-D, Section 458 of the Social Security Act, assertions that that use of bench warrants and arrests to enforce child support obligations

constitutes "gender based discrimination" and a "gender based hate crime," and citations to various federal statutes on treason, racketeering, and interference with commerce by threats of violence.

The Court finds the Plaintiff's objections without merit. The Magistrate Judge correctly determined that the Court is without jurisdiction to consider Plaintiff's claims for habeas relief. Federal courts are statutorily limited to consideration applications "for a writ of habeas corpus [o]n behalf of a person *in custody* pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a) (emphasis added). Though Plaintiff was arrested and briefly jailed for failure to appear and in contempt of court, Plaintiff was not in state custody at the time he filed his original or amended petition. The Court is, therefore, without subject matter jurisdiction to hear these claims.

Even if the Plaintiff had met the jurisdictional prerequisite for a habeas petition, the Magistrate Judge correctly decided the Court does not have jurisdiction to hear a claim that, at its heart, is a challenge to a state court judgment. The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review over state court decisions. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies even if the party challenges the validity of the state court judgment on constitutional grounds. *Lawrence v. Welch*, 531 F.3d 364, 369 (6th Cir. 2008). In other words, if the claim can only succeed to the extent the state court wrongly decided the issues before it, the district court does not have jurisdiction. Plaintiff complains that the judgment of the state court should be voided and that the judgment is "causing the restraint upon [his] liberty and property." His remedy is to seek "appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006).

## III. CONCLUSION

The Court has reviewed the Report and Recommendation and concludes that it should be adopted and approved. Accordingly, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's amended petition is **DISMISSED**, without prejudice, and the Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE